```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARIS JONES,

                                    Plaintiff,

        -against-

EDWARD QUINONES, et al.,

                                    Defendants.

No. 19 Civ. 5524 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

*Pro se* Plaintiff Paris Jones ("Plaintiff") commenced this action on or about June 12, 2019 against Physician Assistant Edward Quinones ("Quinones") and Physician Assistant Rhonda Kossef-Salchert ("Kossef-Salchert") (together, "Defendants") alleging violations of the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution pursuant to 42. U.S.C. § 1983 ("Section 1983") (Complaint ("Compl.") (ECF No. 2).) Before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (ECF No. 23), which Plaintiff did not oppose (ECF No. 25). For the following reasons, the motion to dismiss is GRANTED and Plaintiff's Complaint is dismissed without prejudice.

## BACKGROUND

### I.        Procedural

On June 12, 2019, Plaintiff filed a Complaint against two unidentified employees of Downstate Correctional Facility ("Downstate") and the Department of Corrections and Community Supervision ("DOCCS") who examined Plaintiff on October 13, 2016 and May 1, 2018. (ECF No. 2.) On July 22, 2019, the Court issued a Valentin Order, directing DOCCS to

identify the two individuals. (ECF No. 6.) In response, the New York Attorney General's Office identified the two individuals as Quinones and Kossef-Salchert. (ECF No. 8, 10.) On June 29, 2020, Defendants filed a motion to dismiss the Complaint for failure to state a claim. (ECF No. 23.)

**II.**

The following facts are taken from Plaintiff's Complaint. (ECF No. 2.) The facts as alleged are accepted as true for the purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At all relevant times, Plaintiff was incarcerated at Downstate. Plaintiff was physically examined and questioned about his medical history on October 13, 2016 by Quinones and on May 1, 2018 by Kossef-Salchert. Both examinations took place in a room with no curtain or door that was exposed to anyone who walked by. Plaintiff was asked unspecified questions about his medical history, with no regard for who may have overhead the conversation. Plaintiff was ordered to remove his clothing, except for his underwear. During the examination by Kossef-Salchert[1], Plaintiff was ordered to remove his underwear and Kossef-Salchert placed her hand on Plaintiff's scrotum and felt around the surrounding area.

## LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

---

[1] The Complaint alleges that a woman examined Plaintiff's scrotum; therefore, the Court assumes that this incident occurred with Kossef-Salchert only.

relief." *Id*. at 679. "Although . . . [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). A complaint need not assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The factual allegation in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.

"Pro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013). The court should read pro se complaints "to raise the strongest arguments that they suggest," *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly* . . . we remain obligated to construe a pro se complaint liberally"). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Medical Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations omitted).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *accord Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, to state a Section 1983 claim, a plaintiff must allege two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution").

Plaintiff argues he suffered (1) violation of his right to privacy under the Fourteenth Amendment, (2) medical indifference under the Eighth Amendment, and (3) unreasonable search under the Fourth Amendment. As discussed below, the Court concludes that Plaintiff has failed to adequately plead any of these claims and dismisses all claims without prejudice.

## I.    Right to Privacy Under the Fourteenth Amendment

Under the Fourteenth Amendment's due process clause, individuals are protected from "'arbitrary [governmental] intrusions into their medical records,' and from the 'disclosure of [related] personal matters.'" *Talarico v. Port Auth. of N.Y. and N.J.*, 367 F. Supp. 3d 161, 169

(S.D.N.Y. 2019) (quoting *Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 65 (2d Cir. 2018); *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994)). This protection, however, is "not absolute." *Hancock*, 882 F.3d at 65. Rather, "[a] constitutional violation only occurs when the individual's interest in privacy outweighs the government's interest in breaching it." *Id*. Moreover, the "right to privacy extends in a limited way to prisoners." *Matson v. Bd. of Educ. of City School Dist. of New York*, 631 F.3d 57, 64 (2d Cir 2011).

In determining the strength of an individual's privacy interest in his or her medical condition, courts will "proceed on a case-by-case basis ... examin[ing] all relevant factors." *Id.*at 66-67. Although the "strength of this interest requires taking into account the seriousness of the condition and stigma associated with it[,] ... other factors may also be relevant." *Hancock*, 882 F.3d at 67. Moreover, "identifying the strength of the individual interest in privacy never ends the analysis." *Id*. at 68. Where an inmate's lessened privacy rights are involved, an intrusion into privacy interests will be valid if it "is reasonably related to legitimate penological interests." *Powell*, 175 F.3d at 112.

Here, Plaintiff fails to allege any facts regarding his medical conditions. Therefore, the Court cannot discern whether he disclosed any personal or stigmatizing information during the examinations. Further, Plaintiff fails to allege that any privacy interest was actually violated. Plaintiff does not allege that anyone saw or heard him during the examinations and instead merely alleges that anyone *could* see him or hear him.

Plaintiff also fails to allege any facts suggesting that the examinations were not reasonably related to a legitimate penological interest. Defendants assert that the Department of Corrections and Community Supervision ("DOCCS") has a legitimate penological interest in conducting physical exams of prisoners when they are admitted to DOCCS custody. The Court

agrees. Therefore, even if Plaintiff had pled a privacy interest, his claim would nonetheless fail in absence of allegations of an illegitimate penological interest. Accordingly, Plaintiff's Fourteenth Amendment claims are dismissed without prejudice.

## II.     Deliberate Indifference Under the Eighth Amendment

The Constitution requires that prison officials "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). An inmate's claims of unconstitutional conditions of confinement arise under "the Cruel and Unusual Punishments Clause of the Eight Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state a Section 1983 claim for unconstitutional conditions of confinement, a plaintiff must allege that an individual "acted with deliberate indifference to the challenged conditions." *Sanders v. City of New York*, No. 16 Civ. 7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018). This deliberate indifference test contains both an objective prong and a subjective prong. *Darnell*, 849 F.3d at 29.

### A.   *Objective Prong*

"The objective prong . . . requires that the deprivation at issue be, in objective terms, sufficiently serious." Simmons v. Mason, No. 17-CV-8886 (KMK), 2019 WL 4525613, at *9 (S.D.N.Y. Sept. 18, 2019) (internal quotations omitted). A plaintiff "must [allege] that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Darnell, 849 F.3d at 30. "There is not 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. at 29 (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995 )).

Plaintiff fails to allege that he suffered from any medical conditions that were sufficiently serious because they posed an unreasonable risk of serious damage to his health. While Plaintiff alleges that Kossef-Salchert felt the area around his scrotum, he does not allege that the examination was conducted in a way that seriously injured Plaintiff or caused a serious medical condition. To the extent Plaintiff alleges that disclosure of information caused a serious risk to his health, Plaintiff's claim also fails. Although examinations of Plaintiff occurred in a room without a curtain or door, Plaintiff fails to allege that anyone other than the medical professionals conducting the examination actually saw or heard Plaintiff during the exam. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's deliberate indifference claims.

### III.     Unreasonable Search Under the Fourth Amendment

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. Amend. IV. "Courts assessing an inmate's claim that officers infringed his or her right to bodily privacy must undertake a two-part inquiry: (1) First, the court must determine whether the inmate has 'exhibit[ed] an actual, subjective expectation of bodily privacy'; and (2) second, the court must determine 'whether the prison officials had sufficient justification to intrude on [the inmate's] fourth amendment rights." *Harris v. Miller*, 818 F.3d 49 (2d Cir. 2016).

As an initial matter, Plaintiff does not have a Fourth Amendment expectation of privacy with respect to medical questioning. *See United States v. Killingbeck*, 616 F. App'x 14, 15 (2d Cir. 2015). With respect to physical examinations, even if Plaintiff has a subjective expectation of bodily privacy, Plaintiff does not allege any facts suggesting that prison officials lacked sufficient justification to intrude on that privacy. As indicated above, medical examinations of inmates serve legitimate penological purposes such as assessment and treatment. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Fourth Amendment claims.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's claims are dismissed without prejudice and Plaintiff is granted leave to amend his Complaint in accordance with this Opinion. Plaintiff shall amend his Complaint on, or before, April 30, 2021. An amended prisoner complaint form is attached to this opinion.

If no amendment is made by April 30, 2021, or Plaintiff fails to move for an extension to that deadline, the Complaint may be dismissed with prejudice and the action terminated without further notice. If Plaintiff elects to file an Amended Complaint, then Defendants shall have until 30 days from the date of Plaintiff's filing to answer the Amended Complaint or seek leave to file a non-frivolous and non-repetitive motion to dismiss.

The Clerk of Court is directed to terminate the motion at ECF No. 23 and to mail a copy of this opinion to *pro se* Plaintiff at the address listed on ECF and show service on the Docket.


Dated:   March 26, 2021                            SO ORDERED:

         White Plains, New York

         _____

                  NELSON S. ROMÁN

                  United States District Judge

8